Iler v. Campbell.

J. D. Iler Brewing Company v. H. G. Campbell,
*as Sheriff*, etc.

No. 12,970.   (71 Pac. 825.)

SYLLABUS BY THE COURT.

Intoxicating Liquors — *Nuisance* — "*Hurrel Law*." Prior to the
enactment of chapter 232, Laws of 1901 (Gen. Stat. 1901, §§ 2493–
2500), known as the "Hurrel law," the seizure of bar fixtures and
refrigerators, used in maintaining a nuisance in violation of the
law relating to the manufacture and sale of intoxicating liquors,
was unauthorized until after a judgment abating the nuisance.

Error from Nemaha district court ; William I. Stu-
art, judge.   Opinion filed March 7, 1903.   Reversed.

*Emery & Geary*, and *Harkless, O'Grady & Crysler*,
for plaintiff in error.

*S. P. Nold*, and *J. S. West*, for defendant in error.

The opinion of the court was delivered by

Burch, J. :  On February 12, 1901, a complaint was
filed before a justice of the peace charging one Abe
Cottrell with selling intoxicating liquors, and with
maintaining a place where such liquors were sold and
kept for sale in violation of law.   The complaint fur-
ther alleged that certain intoxicating liquors, vessels
and bottles containing such liquors, and certain "bar
fixtures," were kept at the place described, and were
employed in maintaining a nuisance therein.   A war-
rant was issued commanding the arrest of Cottrell and
the seizure of the liquors, vessels and bar fixtures
named in the complaint.   The sheriff received the
warrant February 12, executed it as directed, and
made return February 13.   The schedule of prop-
erty seized enumerated "bar fixtures, consisting of one
refrigerator, one front bar, one back bar with glass."

On February 21 Cottrell pleaded guilty to the unlawful selling of liquors, and to the maintenance of the nuisance charged, and a judgment of fine and imprisonment was pronounced against him. At the same time the court ordered the property seized to be publicly destroyed. On February 20, however, the plaintiff in error, claiming as owner, replevied the two bars and the refrigerator from the sheriff, and, no redelivery bond being given, shipped them out of the state. The replevin action was commenced before a justice of the peace, and, after judgment there, appealed to the district court, where a final trial was had October 8, 1901. At this trial the sheriff justified his seizure and possession of the property in dispute under the complaint and warrant in the criminal case, and judgment was rendered in his favor for a return of the property, or for its value in the sum of $200.

The question for determination is whether or not the proceedings in the action against Cottrell furnish authority for the sheriff's conduct. If so, they must have the warrant of some statute. Can any such be found? Chapter 232, Laws of 1901 (Gen. Stat. 1901, §§ 2493–2500), known as the "Hurrel law," did not become operative until March 1, 1901, or ten days after these chattels had found kindly refuge in a sister commonwealth. That law cannot retroact. Section 2410, General Statutes of 1899, reads as follows :

"All places where intoxicating liquors are manufactured, sold, bartered, or given away in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery, in violation of this act, are hereby declared to be common nuisances, and upon the judgment of a court having jurisdiction finding such place to be a nuisance under

Iler v. Campbell.

this section, the sheriff, his deputy or under-sheriff, or any constable of the proper county, or marshal of any city where the same is located shall be directed to shut up and abate such places, by taking possession thereof, and by taking possession of all such intoxicating liquors found therein, together with all signs, screens, bars, bottles, glasses, and other property used in keeping and maintaining said nuisance; and such personal property so taken possession of shall be forthwith publicly destroyed by such officer.''

This language is sufficiently inclusive so far as classes of property are concerned, but it is too circumspect in its grant of power. Seizure and destruction are made to wait upon a trial and judgment. The place must be found to be a nuisance before the order may go. True, both the keeper and the place may be investigated in one proceeding, but only the man can be arrested at the outset. The place, with its auxiliaries, accessories, and appendages, remains at large. Therefore, the seizure was too premature to be made under this section.

Sections 2419 and 2420, General Statutes of 1899, authorize an inquisition by the county attorney, to be followed by complaint or information, and then provide, respectively, as follows:

''And thereupon a warrant shall issue for the arrest of the person or persons named in such information, as in other criminal cases, and in addition thereto shall command the officer to whom it may be directed to seize and take into his custody any and all intoxicating liquors, vessels and bottles containing the same, which he may find in such person's possession, and safely keep the same, subject to the order of the court.''

''And thereupon a warrant shall issue, directed to the proper officer, commanding him to search the premises described in the information or complaint, and to

seize all intoxicating liquors and all vessels or bottles containing the same, and arrest the keeper or keepers thereof.''

But the procedure indicated by these sections was not followed, and, if it had been, the statute is too discriminating concerning paraphernalia. Nothing but liquors, and vessels and bottles containing the same, has riveted the legislative attention. A refrigerator is not a vessel or a bottle, although it may betimes contain liquor, and bars are clearly foreign to the language of this law. Hence, if it issued under these sections, the warrant was overweeningly inclusive in its recital of articles subject to seizure. No other enactments favoring the officer of the law can be cited, and down the broad highway through the statutes the plaintiff in error had the right to pass with its bars and looking-glass and ice-box.

Some little attempt is make to justify the action of the sheriff because the testimony disclosed the fact that plaintiff in error had shipped the saloon accouterments to Cottrell to be used by him in maintaining a nuisance. This is, upon final analysis, a counterpart of the doctrine disapproved in *The State v. Stark*, 63 Kan. 529, 66 Pac. 243, 54 L. R. A. 910, 88 Am. St. Rep. 251. The property itself was not contraband, and plaintiff in error did not lose title to it or the right to its possession.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

All the Justices concurring.